IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BELFOR USA GROUP, INC.,

                Plaintiff,                OPINION AND ORDER

v.

                                       13-cv-614-wmc

CHICAGO'S BEST, LLC, RANDALL
GRIMES, JUDY GRIMES, and
DUPACO COMMUNITY CREDIT
UNION, INC.,

                Defendants.

This case is set for a jury trial beginning February 17, 2015. Prior to the final pretrial conference, the court issues the following order on the parties' various motions in limine, reserving on some for further argument at the final pretrial conference.

OPINION

I. **Dupaco's Motions in Limine (dkt. #161)[1]**

While the court denied Dupaco's motion for summary judgment on two of plaintiff's claims -- an unjust enrichment claim premised on the double recovery theory and a claim for marshaling of assets -- neither claim is subject to a jury trial. (1/16/15 Op. & Order (dkt. #160) 28.) Still, Dupaco filed a number of motions in limine (mostly, boilerplate), which in effect ask the court to enforce the Federal Rules of Evidence. Because some of the issues may streamline the jury trial, and ultimately the evidence presented to the court, Dupaco's motions are briefly addressed below.

---

[1] The Grimes and Chicago's Best did not file any of their own motions in limine but indicate that they join in Dupaco's motions in limine. (Dkt. #172.)

### A. Settlement Negotiations

Dupaco seeks an order excluding any and all evidence of settlement negotiations, offers or demands between any of the multiple parties of this action. (Dkt. #161.) Belfor opposes the motion to the extent it would exclude the Interim Settlement Agreement from consideration. (Pl.'s Opp'n (dkt. #181) 1-2.) For the reasons previously explained in detail in the court's opinion and order on summary judgment, the court will exclude the interim settlement agreement from the jury's consideration. (1/16/15 Op. & Order (dkt. #160) 18 & n.12.) While the Grimes individually and Chicago's Best each signed the interim settlement agreement, the provision acknowledging indebtedness to Belfor did not identify *which* plaintiff or plaintiffs was on the hook to pay Belfor. Because of this uncertainty, the court determined that the jury would decide which of the plaintiffs (if any) were bound by the work authorizations. The party liable under the work authorizations would then be bound -- as a matter of law -- under the interim settlement agreement. As such, the jury need only consider the work authorizations, and need not consider the interim settlement agreement. To the extent Dupaco seeks to exclude other evidence of settlement negotiations, this motion is granted for the same reason pursuant to Federal Rule of Evidence 408.

### B. Speculation about Witnesses Not Called

Next, Dupaco seeks an order excluding any mention of witnesses that could have been called but were not, citing Federal Rules of Evidence 403, 801, 802, 803 and 804. Since Belfor does not oppose this motion, it will be granted as unopposed.

### C. Barred Evidence

Relatedly, Dupaco also seeks an order excluding any mention of barred evidence. As Belfor similarly does not oppose this motion, it will also be granted as unopposed.

### D. Exhibits Not Disclosed in Compliance With the Scheduling Order

Dupaco seeks an order excluding all exhibits not timely marked and exchanged in accordance with the scheduling order, without first advising opposing counsel and the court. Once again, Belfor does not oppose this motion. In any event, the court will consider all objections to exhibits before the start of trial at the final pretrial conference. No additional exhibits may be offered for admission at trial, except upon good cause shown *outside* the jury's presence. Accordingly, this motion is not necessary and the court will dismiss this motion as moot.

### E. Opinions of Credibility of Any Witness

Next, Dupaco seeks an order excluding plaintiff's witnesses from opining on the credibility of any other witness. Belfor opposes the motion to the extent it seeks to exclude testimony identifying contradictions in another witness's testimony or preclude attorney argument that one witness is more credible than another. The court finds Belfor's objections well-founded. Accordingly, the motion is granted as to specific testimony about another witness's general credibility, but denied as to testimony concerning the accuracy of another witness's specific testimony or as to impeachment based on the witness's general reputation for truthfulness pursuant to Federal Rule of

3

Evidence 608(a). Of course, the attorneys may argue during closing as to the relative credibility of witnesses.

### F. Testimony of Undisclosed Opinion or Expert Testimony

Dupaco seeks an order excluding expert testimony not previously disclosed. Specifically, Dupaco points out that Belfor failed to designate any expert witnesses or disclose expert opinions. Belfor concedes as much in its response, but contends that it should be allowed to present rebuttal evidence if Dupaco is able to present expert opinions. This court previously rejected Belfor's similar argument with respect to its motion to extend the disclosure deadline for disclosure of response experts in the pretrial conference order, because it was at odds with Magistrate Judge Crocker's direction during the preliminary pretrial conference and unsupported by any proof of good faith effort to retain experts in a timely manner. (8/14/14 Order (dkt. #84) 1.) As the party with the burden of proof, Belfor was obligated to marshal expert testimony -- if at all -- by the proponent deadline. Accordingly, the court will grant Dupaco's motion in limine except as to timely-disclosed non-retained response experts.

### G. Undisclosed Witness

Related to the last motion, Dupaco wishes to bar from testifying any undisclosed witnesses. The court will enforce the disclosure requirements, but declines to entertain this motion in the absence of objections to specific witnesses. Accordingly, the court will deny this motion as unnecessary, but will take up objections as to specific witnesses if warranted at the final pretrial conference.

### H. Evidence of Undisclosed Appraisal

Dupaco seeks to disclose any previously undisclosed appraisal. In its motion, Dupaco explained that Belfor refused to produce the appraisal, identifying it as privileged attorney work product. Moreover, Dupaco contends that Belfor would not be able to usher in the appraisal because it is expert opinion testimony, and Belfor has not disclosed an expert to testify about the appraisal. In its response, Belfor states that it has no intention of disclosing attorney work product but persists that the court should not bar "any and all appraisals," specifically arguing that it should be entitled to counter Dupaco's appraisal with its own. The court declined to consider Dupaco's appraisal at summary judgment because it was submitted with its reply brief, and should have been prepared earlier so that it could have been filed with Dupaco's opening brief. The court, however, did not exclude the appraisal from consideration at trial. As for any appraisal Belfor seeks to admit, the court will take up any challenge to that exhibit in considering defendants' objections to Belfor's exhibits. Given that Belfor has failed to disclose any experts, it appears unlikely that Belfor would be able to usher in such an exhibit absent an applicable exception to the hearsay rule.

### I. Exemplary Damages

Finally, Dupaco seeks an order excluding any mention of exemplary or punitive damages. Belfor does not object to this motion. While the motion appears unnecessary since there does not appear to be any claim for punitive damages, the court will grant the motion as unopposed.

**II. Belfor's Motions in Limine**

    **A. Irrelevant Evidence Relating to Belfor (dkt. #163)**

Belfor seeks an order excluding any irrelevant evidence about Belfor's "size, number of offices, experience, and industry knowledge" as irrelevant under Rule 401, as well as likely to cause undue prejudice, delay or jury confusion under Rule 403. (Pl.'s Br. (dkt. #164) 1.) Belfor specifically is concerned that defendants will attempt to characterize the dispute as a "David and Goliath" battle. The Grimes and Chicago's Best do not oppose the motion. Dupaco, however, challenges the motion to the extent that it excludes evidence or argument regarding Belfor's sophistication, contending that that evidence may be relevant. The court agrees that Belfor's level of sophistication may be relevant to considering whether Belfor acted diligently in the court's determination of Belfor's equitable claims asserted against Dupaco. Because that is an issue for the court, any prejudice or confusion is also diminished. While the Grimes and Chicago's Best do not object, Belfor's level of sophistication also may be relevant to the jury's consideration of the enforceability of work authorizations apparently authored by Belfor. Accordingly, the court will deny the motion, except to the extent offered or argued to show Belfor's deep pockets. Any mention of this topic in opening arguments or testimony of witnesses should be briefly previewed in advance for the court's further consideration.

    **B. Testimony of Jack Luedtke (dkt. #165)**

Belfor seeks to exclude testimony of Jack Luedtke. The Grimes and Chicago's Best previously submitted Luedtke's affidavit, in which he opines that Belfor's charges

were too high, in opposition to Belfor's motion for summary judgment. Belfor represents that Luedtke was never identified as an expert, lacks expert qualifications, and bases his opinion on technical knowledge, which he does not possess. In response, the Grimes and Chicago's Best contends that Luedtke has personal knowledge of Belfor's work and will testify as a lay witness based on his personal observations. The court will grant the motion to exclude any expert opinion testimony by Luedtke, but will permit him to testify as a lay witness as to opinions about Belfor's work rationally based on his personal perceptions, rather than technical or other specialized knowledge within the scope of Rule 702. Accordingly, testimony on the subjects set forth in paragraphs 9 and 10 of his affidavit are excluded, and the court will further address the specifics of paragraph 8 at the final pretrial conference.

### C. Expert Testimony of Steve Schieler and Andy Katrichis

Belfor seeks a motion prohibiting Steve Schieler and Andy Katrichis from offering expert testimony. The court previously addressed this issue in its August 14, 2014, opinion and order on the parties' dispute of expert deadlines. As the court explained in that opinion, Dupaco timely and sufficiently disclosed non-retained experts, including Steve Schieler and Andy Katrichis. (8/14/14 Order (dkt. #84) 4; Dupaco's Expert Disclosure (dkt. #73) ¶¶ 5-6.) Accordingly, the court will deny this motion.

ORDER

IT IS ORDERED that:

1) defendant Dupaco Community Credit Union, Inc.'s motion in limine (dkt. #161) is GRANTED IN PART, DENIED IN PART AND RESERVED IN PART, as provided in the opinion above;

2) plaintiff Belfor USA Group, Inc.'s motion in limine to exclude irrelevant evidence relating to Belfor USA Group, Inc. (dkt. #163) is DENIED, except to the extent offered or argued to show Belfor's deep pockets;

3) plaintiff's motion in limine to exclude testimony of Jack Luedtke (dkt. #165) is GRANTED IN PART AND DENIED IN PART;

4) plaintiff's motion in limine to exclude Steve Schieler and Andy Katrichis from testifying as experts (dkt. #167) is DENIED; and

5) defendants Chicago's Best, LLC, Judy Grimes and Randall Grimes' motion to join Dupaco's motion in limine (dkt. #172) is GRANTED.

Entered this 9th day of February, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge